UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEROY SMITH,

                            Petitioner,

                                                      16-CV-6163-FPG
v.                                                    14-CR-6171-FPG

                                                      DECISION AND ORDER

UNITED STATES OF AMERICA,

                            Respondent.

---

## INTRODUCTION

On March 14, 2016, *pro se* Petitioner Leroy Smith petitioned to vacate his ninety-seven-month sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 39, 42. On November 15, 2017, the Court denied Petitioner's motion in part; it also directed Petitioner's former attorney, Robert G. Smith, Esq., to file an affidavit explaining whether Petitioner asked him to file a notice of appeal on Petitioner's behalf so that the Court could analyze Petitioner's ineffective-assistance-of-counsel claim. ECF No. 57 at 6-8. Mr. Smith filed the affidavit on December 18, 2017.

Currently before the Court is Petitioner's motion to include Mr. Smith's affidavit in the record before the Court. For the following reasons, Petitioner's motion is GRANTED and, considering Mr. Smith's affidavit, the Petition is DENIED.

## DISCUSSION

In *Roe v. Flores-Ortega*, the Supreme Court addressed the specific question that Petitioner raises here: whether an attorney's failure to consult with his client about an appeal constitutes ineffective assistance of counsel. 528 U.S. 470, 483-84 (2000). The *Roe* Court found that it did.

Stated more broadly, when a petitioner demonstrates that there is a "reasonable probability" that "counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken, [he] has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe*, 528 U.S. at 484.

Here, Petitioner has not made the requisite showing. He alleges that he attempted to confer with Mr. Smith about an appeal, but he could not reach him, file a notice of appeal himself, or move for an extension of time until after the deadline had passed. ECF No. 57 at 6-7.

Mr. Smith tells a different story. He says that he met with Petitioner after his sentencing, explained that he had waived his right to appeal pursuant to the plea agreement, but told Petitioner he would file a notice of appeal if Petitioner directed him to do so. ECF No. 61 at 2. According to Mr. Smith, Petitioner said he understood his right to file an appeal notwithstanding the plea agreement and said he did not want to appeal. *Id.* Mr. Smith concludes: "At no time did [Petitioner] direct me to file a Notice of Appeal on his behalf." *Id.*

Given Mr. Smith's status as an officer of the Court and his sworn statement,[1] the Court finds that Petitioner has not demonstrated to a reasonable probability that Mr. Smith's conduct deprived him of an appeal he otherwise would have taken. His Petition is therefore denied.

---

[1] The Court notes, as it did in its original decision and order, that it may, in its discretion, consider affidavits in lieu of conducting a "full-blown testimonial hearing" as to whether Mr. Smith ineffectively represented Petitioner. *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). It has exercised that discretion here.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to include Mr. Smith's affidavit in the record, ECF No. 60, is GRANTED, and his Petition, ECF No. 42, is DENIED in full. The Clerk of Court is directed to close case number 16-cv-6163.

IT IS SO ORDERED.

Dated: July 25, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court